Cynthia S. Betz
Mark M. Makhail
**McCARTER & ENGLISH, LLP**
100 Mulberry Street
4 Gateway Center
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiffs*
*Vifor (International) AG and*
*American Regent, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

VIFOR (INTERNATIONAL) AG and AMERICAN REGENT, INC.,

Plaintiffs,

v.

ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD.,

Defendant.

Civil Action No. 3:25-cv-16735-GC-JBD

Hon. Georgette Castner, U.S.D.J.
Hon. J. Brendan Day, U.S.M.J.

**PLAINTIFFS' ANSWER TO ORBICULAR PHARMACEUTICAL TECHNOLOGIES PVT. LTD.'S COUNTERCLAIMS**

Plaintiffs Vifor (International) AG ("Vifor") and American Regent, Inc. ("American Regent") (collectively, "Plaintiffs"), answer the Counterclaims of Defendant Orbicular Technologies PVT. LTD. ("Orbicular" or "Defendant"), filed October 24, 2025 (ECF No. 24), as follows:

Solely for convenience, the headings from Orbicular's Answer to Plaintiffs' Complaint related to such Counterclaims (ECF No. 24) are reproduced below. Plaintiffs deny each and

every allegation in Orbicular's Counterclaims that is not specifically admitted below. For any factual allegation admitted below, Plaintiffs admit only the specific admitted facts, and not any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Plaintiffs deny that Orbicular is entitled to the relief requested or any other relief.

## PARTIES

1. Orbicular is an entity organized and existing under the laws of India, having a place of business at P. No. 53, ALEAP Industrial Estate, Behind Pragati Nagar Kukatpally, Hyderabad, 500 090 Telangana, India.

**ANSWER:** Admitted on information and belief.

2. Upon information and belief, based on the allegations in the Complaint, Counterclaim Defendant Vifor (Internation) AG is a company organized and existing under the laws of Switzerland, having a principal place of business at Rechenstraβe 37, CH-9001, St. Gallen, Switzerland.

**ANSWER**: Admitted.

3. Upon information and belief, American Regent Inc. is a corporation organized and existing under the laws of the State of New York, with a principal place of business at 5 Ramsey Road, Shirley, New York 11967.

**ANSWER**: Admitted.

4. Upon information and belief, American Regent was formerly known as "Luitpold Pharmaceuticals, Inc.," until January 2, 2019, when its New York Certification of Incorporation was amended to change the name of the corporation to "American Regent, Inc."

**ANSWER**: Admitted.

5. Upon information and belief, and based on the FDA's Orange Book, Counterclaim Defendant American Regent is the holder of New Drug Application ("NDA") No. 203565.

**ANSWER:** Admitted.

6. Upon information and belief, and based on the allegations in the Complaint, Counterclaim Defendant American Regent currently markets, manufactures, distributes, and sells Injectafer® in the United States.

**ANSWER:** Admitted.

7. Upon information and belief, based on the allegations in the Complaint, Vifor and American Regent developed Injectafer®, and American Regent manufactures Injectafer® under license from Vifor.

**ANSWER:** Plaintiffs admit that American Regent was involved in the design and development of Injectafer® and American Regent markets, distributes, and sells injectable pharmaceutical drug products, including Injectafer®, in this judicial district and throughout the United States. Plaintiffs deny any remaining allegations.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over the Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), and 1367, based on an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants arising under the Patent Laws of the United States, 35 U.S.C. § 100, et seq.

**ANSWER**: This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiffs admit that this Court has jurisdiction over the subject matter of Orbicular's Counterclaims. Plaintiffs deny any remaining allegations in this paragraph.

9. This Court has personal jurisdiction over Counterclaim Defendants because Counterclaim Defendants have availed themselves of the rights and privileges and subjected themselves to the jurisdiction of this forum by suing Orbicular in this judicial district.

**ANSWER**: This paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Plaintiffs admit for the purpose of this action only that they do not contest the Court's personal jurisdiction over Plaintiffs. Plaintiffs further admit that they filed their Complaint (ECF No. 1) in this jurisdiction. Plaintiffs deny any remaining allegations in this paragraph.

10. Venue is proper in this district for the purposes of these Counterclaims because Counterclaim Defendants filed the present action in this district.

**ANSWER**: This paragraph contains legal conclusions to which no response is required.

To the extent a response is necessary, Plaintiffs admit for the purpose of this action only that they do not contest the venue. Plaintiffs deny any remaining allegations in this paragraph.

11. On or about May 2, 2025, Counterclaim Defendants filed a civil action in this judicial district against Orbicular alleging infringement of the Patents-in-Suit. There is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding Orbicular and Orbicular's ANDA Product's noninfringement of the Patents-in-Suit and the invalidity of the Patents-in-Suit.

**ANSWER:** Plaintiffs admit that they filed a civil action against Orbicular on or about May 2, 2025 alleging infringement of the '109, '702, '612, '091, and '502 patents in the District of Delaware. Plaintiff admit that they filed this civil action against Orbicular on August 21, 2025 in the District of Delaware alleging infringement of the '260 patent in addition to the '109, '702, '612, '091, and '502. Plaintiffs admit that there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Orbicular is warranted the issuance of a declaratory judgment regarding Orbicular and Orbicular's ANDA Product's non-infringement of the Patents-in-Suit and the invalidity of the Patents-in-Suit. Plaintiffs deny any remaining allegations in this paragraph.

**THE PATENTS-IN-SUIT**

12. Based on the allegations in the Complaint, the '109 patent, titled "Water-Soluble Iron-Carbohydrate Complexes, Production Thereof, and Medicaments Containing Said Complexes," was issued on November 3, 2009 to inventors Peter Geisser, Erik Philipp, and Walter Richle. The face of the '109 patent lists Vifor (International) AG as the assignee. According to the U.S. Patent and Trademark Office assignment database, Vifor (International) AG is listed as the assignee of the '109 patent.

**ANSWER**: Admitted.

13. Based on the allegations in the Complaint, the '702 patent, titled "Methods and Compositions for Administration of Iron," was issued on July 13, 2010 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. The face of the '702 patent lists Luitpold Pharmaceuticals, Inc. as the assignee. Based on the allegations in the Complaint, the assignment records for the '702 patent were amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to "American Regent, Inc," and the Change of Name of the assignee for the

’702 patent is recorded by the PTO at Reel 048067, Frame 0271. According to the U.S. Patent and Trademark Office assignment database, American Regent, Inc. is listed as the assignee of the ’702 patent.

**ANSWER**: Admitted.

14. Based on the allegations in the Complaint, the ’612 patent, titled “Methods and Compositions for Administration of Iron,” was issued on November 25, 2014 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. The face of the ’612 patent lists Luitpold Pharmaceuticals, Inc. as the assignee. Based on the allegations in the Complaint, the assignment records for the ’612 patent were amended to reflect that Luitpold Pharmaceuticals, Inc. had changed its name to “American Regent, Inc,” and the Change of Name of the assignee for the ’612 patent is recorded by the PTO at Reel 048067, Frame 0271. According to the U.S. Patent and Trademark Office assignment database, American Regent, Inc. is listed as the assignee of the ’612 patent.

**ANSWER**: Admitted.

15. Based on the allegations in the Complaint, the ’260 patent, titled “Methods and Compositions For Administration of Iron,” was issued on September 6, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. The face of the ’260 patent lists American Regent, Inc. as the assignee. According to the U.S. Patent and Trademark Office assignment database, American Regent, Inc. is listed as the assignee of the ’260 patent.

**ANSWER:** Admitted.

16. Based on the allegations in the Complaint, the ’091 patent, titled “Methods and Compositions for Administration of Iron,” was issued on September 6, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. The face of the ’091 patent lists American Regent, Inc. as the assignee. According to the U.S. Patent and Trademark Office assignment database, American Regent, Inc. is listed as the assignee of the ’091 patent.

**ANSWER:** Admitted.

17. Based on the allegations in the Complaint, the ’502 patent, titled “Methods and Compositions for Administration of Iron,” was issued on October 25, 2022 to inventors Mary Jane Helenek, Marc L. Tokars, and Richard P. Lawrence. The face of the ’502 patent lists American Regent, Inc. as the assignee. According to the U.S. Patent and Trademark Office assignment database, American Regent, Inc. is listed as the assignee of the ’502 patent.

**ANSWER:** Admitted.

18. The Patents-in-Suit are listed in the electronic version of the Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations (“the Orange Book”) in association with Injectafer®.

**ANSWER:** Admitted.

19. On March 20, 2025, pursuant to 21 U.S.C. §355(j)(2)(B)(ii) and 21 C.F.R. § 319.95, Orbicular sent Plaintiffs notification of Paragraph IV Certification for the Patents-in-Suit with respect to Orbicular's Abbreviated New Drug Application ("ANDA") No. 212136 ("Orbicular's ANDA"), which seeks approval from the FDA to engage in the commercial manufacture, distribution, use, offer for sale, sale, and/or import of the product described in Orbicular's ANDA ("Orbicular's ANDA Product") ("Orbicular's Notice Letter").

**ANSWER:** Admitted Orbicular sent Plaintiffs notice of paragraph IV certification dated March 20, 2025 for the '109, '702, '612, '091, and '502 patents seeking approval from the FDA to engage in the commercial manufacture, distribution, use, offer for sale, sale, and/or import of the product described in Orbicular's ANDA. Admitted that Orbicular sent Plaintiffs a second notice letter dated July 10, 2025 ("Orbicular's Second Notice Letter") giving notice of Orbicular's paragraph IV certification for the '260 patent in addition to the '109, '702, '612, '091, and '502 patents. Plaintiffs deny any remaining allegations in this paragraph.

20. In accordance with 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Orbicular's Notice Letter included, among other things, Orbicular's detailed factual and legal basis for the paragraph IV certification regarding the Patents-in-Suit as it pertains to Orbicular's ANDA Product and an offer of confidential access ("Orbicular's OCA").

**ANSWER:** Plaintiffs' admit that Orbicular's Notice Letter included, among other things, Orbicular's alleged factual and legal basis for the paragraph IV certification regarding the the '109, '702, '612, '091, and '502 patents as it pertains to Orbicular's ANDA Product and an offer of confidential access ("Orbicular's OCA") in accordance with 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Plaintiffs deny any remaining allegations in this paragraph.

21. On or about August 21, 2025, Counterclaim Defendants brought this present action alleging infringement of the Patents-in-Suit.

**ANSWER:** Admitted that Plaintiffs brought this present action alleging infringement of the Patents-in-Suit in response to Orbicular's Second Notice Letter.

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Noninfringement of the '109 Patent)**

22. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 21 of the Counterclaims as if fully set forth herein.

**ANSWER**: No response is required to the re-allegation of the foregoing paragraphs of Orbicular's Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

23. Counterclaim Defendants have accused Orbicular of infringing the '109 patent.

**ANSWER**: Admitted.

24. Orbicular denies infringement of the '109 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular's ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '109 patent.

**ANSWER:** Plaintiffs admit that Orbicular denies infringement of the '109 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular's ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '109 patent. Plaintiffs deny Orbicular's non-infringement allegations. Plaintiffs deny any remaining allegations in this paragraph.

25. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the '109 patent.

**ANSWER:** Plaintiffs admit there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Defendants are warranted the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the '109 patent. Plaintiffs deny any remaining allegations in this paragraph.

26. Orbicular is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Orbicular's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '109 patent.

**ANSWER:** Denied.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '109 Patent)**

27. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 26 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular's Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

28. The claims of the '109 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

*29.* For at least the reasons stated in Orbicular's Notice Letter, which is hereby incorporated by reference in its entirety, the claims of the '109 patent are not infringed by Orbicular's ANDA Product and/or are invalid.

**ANSWER:** Denied.

30. Upon information and belief, Orbicular believes that Counterclaim Defendants will continue to assert that Orbicular's ANDA Product is infringing the claims of the '109 patent and will continue to try to interfere with Orbicular's business with respect to Orbicular's ANDA Product.

**ANSWER:** Plaintiffs admit that they will continue to assert that Orbicular's ANDA Product is infringing the claims of the '109 patent. Plaintiffs deny any remaining allegations in this paragraph.

31. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of

sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding the validity of all claims of the ’109 patent.

**ANSWER:** Plaintiffs admit that there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Orbicular is warranted the issuance of declaratory judgment regarding the validity of all claims of the ’109 patent. Plaintiffs deny any remaining allegations in this paragraph.

32. Orbicular is entitled to a judicial declaration that all claims of the ’109 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER**: Denied.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of the ’702 Patent)

33. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 32 of the Counterclaims as if fully set forth herein

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular’s Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

34. Counterclaim Defendants have accused Orbicular of infringing the ’702 patent.

**ANSWER:** Admitted.

35. Orbicular denies infringement of the ’702 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’702 patent.

**ANSWER:** Plaintiffs admit that Orbicular denies infringement of the ’702 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA

Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’702 patent. Plaintiffs deny Orbicular’s non-infringement allegations. Plaintiffs deny any remaining allegations in this paragraph.

36. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the ’702 patent.

**ANSWER:** Plaintiffs admit there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Defendants are warranted the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the ’702 patent. Plaintiffs deny any remaining allegations in this paragraph.

37. Orbicular is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the ’702 patent.

**ANSWER:** Denied.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the ’702 Patent)

38. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 37 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular’s Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

39. The claims of the ’702 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER**: Denied.

40. For at least the reasons stated in Orbicular's Notice Letter, which is hereby incorporated by reference in its entirety, the claims of the '702 patent are not infringed by Orbicular's ANDA Product and/or are invalid.

**ANSWER:** Denied.

41. Upon information and belief, Orbicular believes that Counterclaim Defendants will continue to assert that Orbicular's ANDA Product is infringing the claims of the '702 patent and will continue to try to interfere with Orbicular's business with respect to Orbicular's ANDA Product.

**ANSWER:** Plaintiffs admit that they will continue to assert that Orbicular's ANDA Product is infringing the claims of the '702 patent. Plaintiffs deny any remaining allegations in this paragraph.

42. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding the validity of all claims of the '702 patent.

**ANSWER:** Plaintiffs admit that there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Orbicular is warranted the issuance of declaratory judgment regarding the validity of all claims of the '702 patent. Plaintiffs deny any remaining allegations in this paragraph.

43. Orbicular is entitled to a judicial declaration that all claims of the '702 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of the '612 Patent)

44. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 43 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of

Orbicular's Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

45. Counterclaim Defendants have accused Orbicular of infringing the '612 patent.

**ANSWER:** Admitted.

46. Orbicular denies infringement of the '612 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular's ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '612 patent.

**ANSWER:** Plaintiffs admit that Orbicular denies infringement of the '612 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular's ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the '612 patent. Plaintiffs deny Orbicular's non-infringement allegations. Plaintiffs deny any remaining allegations in this paragraph.

47. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the '612 patent.

**ANSWER:** Plaintiffs admit there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Defendants are warranted the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the '612 patent. Plaintiffs deny any remaining allegations in this paragraph.

48. Orbicular is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Orbicular's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '612 patent.

**ANSWER:** Denied.

## **SIXTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '612 Patent)**

49. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 48 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular's Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

50. The claims of the '612 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

51. For at least the reasons stated in Orbicular's Notice Letter, which is hereby incorporated by reference in its entirety, the claims of the '612 patent are not infringed by Orbicular's ANDA Product and/or are invalid.

**ANSWER:** Denied.

52. Upon information and belief, Orbicular believes that Counterclaim Defendants will continue to assert that Orbicular's ANDA Product is infringing the claims of the '612 patent and will continue to try to interfere with Orbicular's business with respect to Orbicular's ANDA Product.

**ANSWER:** Plaintiffs admit that they will continue to assert that Orbicular's ANDA Product is infringing the claims of the '109 patent. Plaintiffs deny any remaining allegations in this paragraph.

53. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding the validity of all claims of the '612 patent.

**ANSWER:** Plaintiffs admit that there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Orbicular is warranted the issuance of declaratory judgment regarding the validity of all claims of the '612 patent.

Plaintiffs deny any remaining allegations in this paragraph.

54. Orbicular is entitled to a judicial declaration that all claims of the ’612 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

## SEVENTH COUNTERCLAIM

## (Declaratory Judgment of Noninfringement of the ’260 Patent)

55. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 54 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular’s Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

56. Counterclaim Defendants have accused Orbicular of infringing the ’260 patent.

**ANSWER:** Admitted.

57. Orbicular denies infringement of the ’260 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’260 patent.

**ANSWER:** Plaintiffs admit that Orbicular denies infringement of the ’260 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’260 patent. Plaintiffs deny Orbicular’s non-infringement allegations. Plaintiffs deny any remaining allegations in this paragraph.

58. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the ’260 patent.

**ANSWER:** Plaintiffs admit there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Defendants are warranted the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the ’260 patent. Plaintiffs deny any remaining allegations in this paragraph.

59. Orbicular is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the ’260 patent.

**ANSWER:** Denied.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the ’260 Patent)

60. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 59 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular’s Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

61. The claims of the ’260 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

62. For at least the reasons stated in Orbicular’s Notice Letter, which is hereby incorporated by reference in its entirety, the claims of the ’260 patent are not infringed by Orbicular’s ANDA Product and/or are invalid.

**ANSWER:** Denied.

63. Upon information and belief, Orbicular believes that Counterclaim Defendants will continue to assert that Orbicular's ANDA Product is infringing the claims of the '260 patent and will continue to try to interfere with Orbicular's business with respect to Orbicular's ANDA Product.

**ANSWER:** Plaintiffs admit that they will continue to assert that Orbicular's ANDA Product is infringing the claims of the '260 patent. Plaintiffs deny any remaining allegations in this paragraph.

64. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding the validity of all claims of the '260 patent.

**ANSWER:** Plaintiffs admit that there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Orbicular is warranted the issuance of declaratory judgment regarding the validity of all claims of the '260 patent. Plaintiffs deny any remaining allegations in this paragraph.

65. Orbicular is entitled to a judicial declaration that all claims of the '260 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER: Denied.**

## NINTH COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of the '091 Patent)

66. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 65 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular's Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

67. Counterclaim Defendants have accused Orbicular of infringing the ’091 patent.

**ANSWER:** Admitted.

68. Orbicular denies infringement of the ’091 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’091 patent.

**ANSWER:** Plaintiffs admit that Orbicular denies infringement of the ’091 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’091 patent. Plaintiffs deny Orbicular’s non-infringement allegations. Plaintiffs deny any remaining allegations in this paragraph.

69. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the ’091 patent.

**ANSWER:** Plaintiffs admit there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Defendants are warranted the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the ’091 patent. Plaintiffs deny any remaining allegations in this paragraph.

70. Orbicular is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the ’091 patent.

**ANSWER:** Denied.

## TENTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the ’091 Patent)

71. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 70 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular's Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

72. The claims of the '091 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

73. For at least the reasons stated in Orbicular's Notice Letter, which is hereby incorporated by reference in its entirety, the claims of the '091 patent are not infringed by Orbicular's ANDA Product and/or are invalid.

**ANSWER:** Denied.

*74.* Upon information and belief, Orbicular believes that Counterclaim Defendants will continue to assert that Orbicular's ANDA Product is infringing the claims of the '091 patent and will continue to try to interfere with Orbicular's business with respect to Orbicular's ANDA Product.

**ANSWER:** Plaintiffs admit that they will continue to assert that Orbicular's ANDA Product is infringing the claims of the '091 patent. Plaintiffs deny any remaining allegations in this paragraph.

75. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding the validity of all claims of the '091 patent.

**ANSWER:** Plaintiffs admit that there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Orbicular is warranted the issuance of declaratory judgment regarding the validity of all claims of the '091 patent. Plaintiffs deny any remaining allegations in this paragraph.

76. Orbicular is entitled to a judicial declaration that all claims of the '091 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States

Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

**ELEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Noninfringement of the ’502 Patent)**

77. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 76 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular’s Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

78. Counterclaim Defendants have accused Orbicular of infringing the ’502 patent.

**ANSWER:** Admitted.

79. Orbicular denies infringement of the ’502 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’502 patent.

**ANSWER:** Plaintiffs admit that Orbicular denies infringement of the ’502 patent and alleges that the manufacture, use, sale, offer for sale, and/or importation of Orbicular’s ANDA Product does not, and would not, if marketed, infringe, induce infringement of or contribute to infringement of, either literally or under the doctrine of equivalents, any valid and enforceable claims of the ’502 patent. Plaintiffs deny Orbicular’s non-infringement allegations. Plaintiffs deny any remaining allegations in this paragraph.

80. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the ’502 patent.

**ANSWER:** Plaintiffs admit there is an actual, substantial, and continuing justiciable case

or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Defendants are warranted the issuance of declaratory judgment regarding infringement of any valid and enforceable claim of the '502 patent. Plaintiffs deny any remaining allegations in this paragraph.

81. Orbicular is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of Orbicular's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the '502 patent.

**ANSWER:** Denied.

**TWELFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '502 Patent)**

82. Orbicular incorporates by reference the allegations set forth in paragraphs 1 through 81 of the Counterclaims as if fully set forth herein.

**ANSWER:** No response is required to the re-allegation of the foregoing paragraphs of Orbicular's Answer and Counterclaims to the Complaint. To the extent a response is necessary, Plaintiffs re-allege and incorporate by reference each of their foregoing responses as if fully set forth herein.

83. The claims of the '502 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

84. For at least the reasons stated in Orbicular's Notice Letter, which is hereby incorporated by reference in its entirety, the claims of the '502 patent are not infringed by Orbicular's ANDA Product and/or are invalid.

**ANSWER:** Denied.

85. Upon information and belief, Orbicular believes that Counterclaim Defendants will continue to assert that Orbicular's ANDA Product is infringing the claims of the '502 patent and will continue to try to interfere with Orbicular's business with respect to Orbicular's ANDA Product.

**ANSWER:** Plaintiffs admit that they will continue to assert that Orbicular's ANDA

Product is infringing the claims of the ’502 patent. Plaintiffs deny any remaining allegations in this paragraph.

86. Therefore, there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Counterclaim Defendants having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment regarding the validity of all claims of the ’502 patent.

**ANSWER:** Plaintiffs admit that there is an actual, substantial, and continuing justiciable case or controversy between Orbicular and Plaintiffs. Plaintiffs deny that Orbicular is warranted the issuance of declaratory judgment regarding the validity of all claims of the ’502 patent. Plaintiffs deny any remaining allegations in this paragraph.

87. Orbicular is entitled to a judicial declaration that all claims of the ’502 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, 116, 120 and/or double patenting and the defenses recognized in 35 U.S.C. § 282(b) and/or other judicially created bases for invalidity.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

Plaintiffs deny that Orbicular Technologies PVT. LTD. is entitled to any relief based on their Counterclaims.

Dated: November 19, 2025

Respectfully submitted,

**McCARTER & ENGLISH, LLP**

By:/s/ *Mark M. Makhail*
Cynthia S. Betz
Mark M. Makhail
Four Gateway Center
100 Mulberry Street
4 Gateway Center
Newark, NJ 07102
973-622-4444
cbetz@mccarter.com
mmakhail@mccarter.com

*Attorneys for Plaintiffs Vifor (International) AG and American Regent, Inc.*

Of Counsel:

Jane M. Love, Ph.D. (*pro hac vice*)
Robert Trenchard (*pro hac vice*)
Michael F. Werno (*pro hac vice*)

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
212-351-4000
jlove@gibsondunn.com
rtrenchard@gibsondunn.com
mwerno@gibsondunn.com